961 F.2d 1576
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley Lynn BROWN, Plaintiff-Appellant,
v.
Richard THORNBURGH, Attorney General of the United States;
Michael Quinlan, BOP Director; Jerry Williford, Se Regional
Director, Bop; Margaret Hambrick, Warden, FCI-Lexington;
Kurshid Yussuf, Associate Warden, FCI-Lexington; Mike
Richer, Executive Assistant; Rosie Newson, Paralegal
Specialist; Peggy Taylor, Counselor, FCI-Lexington; Ron
Kelly, Case Manager, FCI-Lexington, in their individual and
official capacities, Defendants-Appellees.
 No. 92-5037.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 1
 Before KENNEDY and SUHRHEINRICH, Circuit Judges; and WEBER, District Judge.*
 
 ORDER
 
 2
 Shirley Lynn Brown, a pro se federal prisoner, appeals a district court order dismissing her complaint filed under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Brown sued the United States Attorney General and seven federal prison officials in their individual and official capacities for allegedly violating her First Amendment rights. Brown alleged that she was punished and subjected to harassment because she wrote a letter to Senator Allen Dixon recommending changes in the penitentiary's job assignment program. The case was referred to a magistrate judge who recommended the dismissal of Attorney General Thornburgh and Director Quinlan because Brown had not alleged that these defendants deprived her of any constitutional right. The district court adopted the recommendation noting that Brown had not objected to the magistrate judge's report.
 
 
 4
 Brown moved to amend her complaint requesting injunctive relief which was subsequently denied. Defendants then moved for summary judgment. The magistrate judge recommended defendants' motion be granted because Brown had not exhausted her available administrative remedies. Over Brown's objections, the district court adopted the magistrate judge's report and dismissed the complaint without prejudice. Brown filed this timely appeal contending the district court erred by requiring her to exhaust her available administrative remedies. Brown requests leave to proceed in forma pauperis.
 
 
 5
 We review the district court's grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is properly granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.App.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 6
 Upon review, we affirm the district court's order dismissing the complaint against defendants Thornburgh and Quinlan because Brown did not file timely objections to the magistrate judge's report recommending the dismissal of Thornburgh and Quinlan. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). However, as for Brown's claims against the remaining defendants, we vacate the district court's judgment and remand for further proceedings.
 
 
 7
 A federal prisoner is not required to exhaust her administrative remedies when she files a Bivens action seeking only monetary relief. See McCarthy v. Madigan, 60 U.S.L.W. 4191, 4193-95 (1992). Because Brown requested only monetary damages, she was not required to exhaust her administrative remedies. Id. Therefore, the district court improperly granted summary judgment for the remaining defendants. Celotex Corp., 477 U.S. at 323.
 
 
 8
 Accordingly, we hereby grant pauper status for purposes of this appeal, and affirm the district court's judgment to the extent it dismissed defendants Thornburgh and Quinlan. Rule 9(b)(3), Rules of the Sixth Circuit. However, as for Brown's claims regarding the remaining defendants, the judgment is vacated and the case is remanded to the district court for further proceedings in light of McCarthy v. Madigan, 60 U.S.L.W. 4191, Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Herman J. Weber, U.S. District Judge for the Southern District of Ohio, sitting by designation